IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA

      v.                                     CRIMINAL CASE NO.
                                           CCB-14-0269

THOMAS LINDWOOD JONES,

     Defendant
_____/

(Sentencing)
Wednesday, June 24, 2015
Baltimore, Maryland

Before: Honorable Catherine C. Blake, Judge

Appearances:

    On Behalf of the Government:
     Seema Mittal, Esquire

    On Behalf of the Defendant:
     Ivan J. Bates, Esquire

Reported by:
Mary M. Zajac, RPR, FCRR
Fourth Floor, U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

1      (Proceedings at 9:19 a.m.)

2      MS. MITTAL: Calling United States of America versus Thomas Lindwood Jones, CCB-14-269. Assistant U.S. Attorney Seema Mittal on behalf of the government. And the matter is set for sentencing.

6      THE COURT: All right. Thank you.

7      MR. BATES: Good morning, Your Honor. My name is Ivan Bates. I represent the young man to the right of me, Mr. Thomas Lindwood Jones.

10     THE COURT: Okay. Thank you. You can both be seated.

11     So we are here for sentencing for Mr. Jones on his guilty plea to a charge of conspiracy, possession with intent to distribute heroin and cocaine.

14     As you all know, I need to start with the Presentence Report. Let me just be sure, from the government's side, any additions, corrections, or modifications?

17     MS. MITTAL: No, Your Honor. Thank you.

18     THE COURT: And Mr. Bates, I'm sure you've read it. Has Mr. Jones had the chance to read it and discuss it with you?

20     MR. BATES: Yes, Your Honor. We've read it together. We've also read it separately, Your Honor. We've gone over it a number of times. There are no adjustments or additions or corrections.

24     THE COURT: All right. Thank you. Well, the calculation of the advisory guideline range is what I need to

1   start with.  We are at an offense level of 30 because of the
2   quantity of heroin and the cocaine involved here.  There is a
3   three-level downward adjustment, the government moving for the
4   third level for Mr. Jones' timely acceptance of responsibility.
5   So that's an offense level of 27.
6           His criminal history category, based on the 10 points,
7   it's a 5.  So the advisory guideline range would be from 120 to
8   150 months.  Are we in agreement on that?
9           MS. MITTAL:  Yes, Your Honor.
10          MR. BATES:  Yes, Your Honor.
11          THE COURT:  Okay.  Now, I'm aware that there's a
12  recommended disposition in the case.  Obviously, I have read the
13  Presentence Report.  I would be happy to hear anything else that
14  you'd like to say about why that's a reasonable sentence,
15  considering the 3553(a) factors.
16          MS. MITTAL:  Thank you, Your Honor.  In light of the
17  (C) plea, I'll be fairly brief.
18          The government believes that 120 months is sufficient,
19  but not greater than necessary, under the factors in 3553(a).
20  First of all, the first factor, nature of the offense and
21  characteristics of the defendant.  This offense did involve a
22  large quantity of narcotics, two-and-a-half kilograms of heroin
23  and five-and-a-half kilograms of cocaine, both the government
24  submits to be dangerous drugs that have affected Maryland in
25  particular in the last few years, particularly in the last year

or two.

And the defendant also has a lengthy criminal history. I believe there are nine prior convictions, including two prior possessions of cocaine and one prior PWID. This is, however, the defendant's first federal conviction. And I believe, my review at least of his criminal history, that this will be the longest time that he will have served in prison. I think the longest prior to this offense was three years.

So I think that, although he does have a lengthy criminal history, the guidelines have already taken that into account. And this is not a situation where the defendant has previously served a lengthy sentence and wasn't deterred and came back. This is a situation where he's never spent that much time in prison. So I believe 10 years is enough to deter him and to provide just punishment for the serious conduct in this case.

Your Honor, I would also note that I believe 120 years (sic) would protect the public from further crimes from the defendant. Thank you.

THE COURT: Okay. Thank you. Mr. Bates.

MR. BATES: Yes, Your Honor. We'd ask the Court to follow the government's recommendation, as well as the defense recommendation, of the 120 months with the (C) plea, Your Honor. My client is a young man who's getting older. He's a young man who the 10 years means a lot more to a man in his forties than a young man who's in his twenties.

1       He's a young man who's married.  If I'm not mistaken, I
2  believe his wife is here in the courtroom.  They also have three
3  kids.  The kids are not here.  The kids will grow up and not have
4  him in their life.  And those things right there impact an
5  individual a little bit differently than a 20 or 19-year-old kid
6  who just is so reckless.
7       Your Honor, my client has immediately accepted
8  responsibility.  My client is very contrite and humble for what
9  he's done.  He recognizes this is the longest time period he will
10 spend and be incarcerated.  He also recognizes that this will be
11 the opportunity where he'll be able to receive, hopefully, the
12 drug treatment that he needs.  We would ask for the drug
13 treatment, Your Honor.
14      And my client also recognized the issue that he's
15 caused in our community.  He recognized that he did play a role
16 in that, but he does want to do, first and foremost, get himself
17 together and kick his habit.  But he also wants to make sure that
18 he's prepared to work.  Him and his wife did begin to have a
19 construction business.  So he would like to have any education
20 that deals with construction and business and things like that.
21 And that his wife also at one time was sick with cancer.
22      So for him, this is a very tough time period.  He made
23 a number of decisions he wishes he could change, but he
24 recognizes that he was wrong and he accepted responsibility.  We
25 do feel the 120 months would be sufficient.

1          We would ask, Your Honor, whatever -- my client was
2  first arrested on this in January of 2014, if I'm not mistaken,
3  Your Honor. And we would ask for any and all credit.
4          There was a lot of confusion. He was on the state
5  side, then he was on the federal side. But he kept sitting on
6  the state side. Then eventually, I think, Ms. Mittal was nice
7  enough to get the marshals to bring him over to the federal side.
8  That was part of the confusion and part of the delay during this
9  process, Your Honor.
10         THE COURT: I was going to ask about that because the
11 Presentence Report indicates that he's been detained since date
12 of arrest, but it didn't actually identify the date of arrest.
13 January 14th, 2014 would be the day that he was arrested on
14 these, this offense --
15         MR. BATES: Yes.
16         THE COURT: -- and did not get credit against this for
17 any state sentence, is that right?
18         MS. MITTAL: Correct, Your Honor.
19         MR. BATES: Correct, Your Honor. He was immediately,
20 not immediately, this case was taken from the state and brought
21 over to the federal government, Your Honor. And those charges,
22 he is not serving any sentence at all on the state side. Those
23 charges were dismissed because he's being prosecuted here in
24 federal court.
25         THE COURT: All right. And I understand that he'd like

1  to participate in substance abuse programs.  Any specific
2  recommendation other than that to the Bureau of Prisons that he
3  would be interested in?
4          MR. BATES:  Court's indulgence briefly.
5          THE COURT:  Sure.
6          (Pause while Mr. Bates confers with the defendant.)
7          MR. BATES:  One of the things, him and his wife are
8  trying to have a construction company.  Anything involving
9  construction.  Maybe heavy equipment operation on down to maybe
10 some of the business classes.  You know, he's even thought about
11 some of the, like, the wiring, electrician work, Your Honor.  The
12 thing that he wants to make sure he's able to do is he wants to
13 have a job skill that him and his wife could hopefully begin to
14 start some sort of business with.  That's his biggest concern,
15 besides making sure he's off the drugs.  Just basically now
16 becoming a better member of society, Your Honor.
17         THE COURT:  All right.  Thank you, Mr. Bates.  Mr.
18 Jones, if there's anything you'd like to say before I make a
19 final decision, you have the right to do that.  You don't have
20 to.  But if you'd like to, you have the right to do that.
21         THE DEFENDANT:  I just want to, first of all, apologize
22 to my wife and to my kids.  I'm being taken away from them.  And
23 I want to thank the government for giving me the opportunity to
24 get the help I need and, with this plea, and get me back home to
25 my family.  I accept all my responsibility.

1          Conference at the bench.
2     (It is the policy of this court that every guilty plea and
3     sentencing proceeding include a bench conference concerning
4     whether the defendant is or is not cooperating.)
5          THE COURT: Okay. Thank you, Mr. Jones. Okay. Well,
6     I appreciate what counsel have said. As I indicated, I did
7     obviously consider the charges and the Presentence Report before
8     coming in here today. And I do think this is a reasonable
9     disposition.
10          Obviously, it's a very serious offense. I appreciate
11    that Mr. Jones apologizes to his family. He also, of course,
12    needs to understand the damage that the heroin and cocaine does
13    to other people's families. It's very serious. These are large
14    quantities of drugs.
15          Mr. Jones does have a somewhat lengthy criminal record.
16    I would note that, up until this one, it does appear that there
17    had not been a recent drug distribution charge. They were theft
18    and credit card issues, somewhat less serious perhaps. And as
19    the government points out, this will be the longest sentence that
20    he, that he has received. Ten years is a significant sentence.
21          So balancing that against his immediate acceptance of
22    responsibility, the nature of the criminal record and not seeing
23    any violence, I do think it's sufficient, without being greater
24    than necessary. So I agree with what you all have come up with.
25    I do think it's reasonable.

1        The sentence, Mr. Jones, will be 120 months in the
2   custody of the Bureau of Prisons on Count One.  I'll indicate
3   that it should begin as of January 14th, 2014.  I'm going to
4   recommend to the Bureau of Prisons that you participate in any
5   vocational or educational programs that might be available
6   involving the construction business, and also that you
7   participate in any substance abuse program you're eligible for,
8   which may include the Residential Drug Treatment Program.  That
9   will be -- again, that's up to you and Bureau of Prisons.  I
10  can't control any of that, but I will recommend that.
11       There will be a substantial period of supervised
12  release.  Under the law, there's five years of supervised release
13  on Count One.  If you do well, you may be able to get an early
14  termination of that.  But I hope that will be both helpful to you
15  and also a structure or a sanction to keep you, keep you on the
16  right road.
17       Five years of supervised release.  And the special
18  conditions of supervised release will also be participating in
19  any substance abuse program that the probation officer recommends
20  and any vocational or educational program that the probation
21  officer recommends.
22       Now, I don't think your financial circumstances permit
23  imposition of a fine.  There's not going to be a fine.  There is
24  a required $100 special assessment.  I did not, I recognize there
25  was a substantial seizure at the time of the arrest.  I don't

1  believe I've seen any forfeiture issue. But is there one?
2          MR. BATES: We would forfeit that, Your Honor. There
3  are no claims to that money.
4          MS. MITTAL: And I apologize. I believe, I thought a
5  forfeiture had been done, but it's not. We can get one to the
6  Court immediately after the proceeding.
7          THE COURT: Okay. You might want to do that. And you
8  understand that, Mr. Jones? You're forfeiting any claim that you
9  might have to the cash that was seized at the time of the arrest.
10         THE DEFENDANT: Yes, ma'am.
11         THE COURT: Okay. Okay. Any other issue? Anything I
12 have not addressed?
13         MS. MITTAL: No, Your Honor. Thank you.
14         MR. BATES: No, Your Honor. Thank you.
15         THE COURT: All right. Mr. Jones, in light of the plea
16 agreement and the sentence, I don't believe there's anything you
17 have a right to or necessarily want to appeal from. If you were
18 going to be noting any appeal, that would have to be within 14
19 days. Do you understand that, sir?
20         THE DEFENDANT: Yes, ma'am.
21         THE COURT: Okay. Good luck.
22         A MARSHAL: May I ask you a quick question?
23         THE COURT: Of course.
24         (Pause in proceedings while the marshal confers with
25 the judge.)

1          THE COURT: Counsel, hang on just one second. The
2    marshals wisely raised a practical procedural issue just in case
3    the Bureau of Prisons does not begin the sentence until the later
4    date when Mr. Jones came into federal custody. Shall we reserve
5    the right to come back and make an adjustment to the sentence so
6    that he does, in fact, get the credit, which I think you both
7    intend, from January 14th?
8          MR. BATES: Yes.
9          MS. MITTAL: Yes. Your Honor, that's fine with the
10   government.
11         MR. BATES: Yes. That's fine with the defense.
12         THE COURT: Okay. But I will put it in the judgment,
13   that it should be from January 14th.
14         MS. MITTAL: Thank you, Your Honor.
15         MR. BATES: Thank you, Your Honor.
16         (Conclusion of Proceedings at 9:33 a.m.)

## REPORTER'S CERTIFICATE

I, Mary M. Zajac, do hereby certify that I recorded stenographically the proceedings in the matter of USA v. Thomas Lindwood Jones, Case Number(s) CCB-14-269, on June 24, 2015.

I further certify that the foregoing pages constitute the official transcript of proceedings as transcribed by me to the within matter in a complete and accurate manner.

In Witness Whereof, I have hereunto affixed my signature this _____ day of _____, 2015.

_____
Mary M. Zajac,
Official Court Reporter